# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:08-cv-00253-FDW
### (3:04-cr-00120-FDW)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| FREDERICK MAURICE BROWN, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

THIS MATTER comes now before the Court upon receipt of a letter from Defendant (Case No. 3:04-cr-120, Doc. No. 45; Case No. 3:08-cv-253, Doc. No. 1). Because Defendant's argument is essentially one of ineffective assistance of counsel, the Court hereby gives notice under Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize Defendant's letter as a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. **If Defendant objects to this recharacterization, he has thirty (30) days, on or before July 7, 2008, "to withdraw the motion or amend it so that it contains *all* the § 2255 claims he believes he has."** Id. at 383 (emphasis added); see also United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

Defendant Frederick Maurice Brown was indicted on May 24, 2004, of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. § 846; and possession with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 841. On December 21, 2006, Defendant pleaded guilty to the cocaine distribution conspiracy pursuant to a written plea agreement. In that plea agreement, Defendant waived his right to direct appeal and collateral review under 28 U.S.C. § 2255 except for (1) claims of ineffective assistance of counsel

or (2) prosecutorial misconduct. On February 12, 2008, Defendant was sentenced to a term of 121 months, to be followed by ten years of supervised release. In his letter to the Court, Defendant states that he expected to receive a § 5K1.1 motion for substantial assistance, did not receive any such motion, and that he therefore wanted to appeal his sentence. Defendant allegedly communicated this desire to his attorney, Norman Butler, who told Defendant that he "would handle it." A timely notice of appeal was not filed.

It is settled law that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007). If the attorney is of the opinion that any appeal would be frivolous, the attorney's recourse is to fill a brief in accordance with Anders v. California, 386 U.S. 738 (1967). See Poindexter, 492 F.3d at 271 & n.6. If Defendant's allegation is true, and his attorney failed to follow an unequivocal instruction to file a timely notice of appeal, then Defendant must be granted an opportunity to appeal his sentence.

Pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, the Court "may direct the parties to expand the record by submitting additional materials relating to the [2255] motion." If Defendant does not object to the Court's characterization of his letter as a 2255 motion, the Court shall expand the record in this manner by directing attorney Norman Butler to provide the Court with an affidavit in which he details his account of the events described in Defendant's letter. Mr. Butler's affidavit shall affirmatively state whether Defendant unequivocally instructed him to file a timely notice of appeal. This affidavit shall be due within forty-five (45) days of this Order, **on or before July 21, 2008**. Then, depending upon Mr. Butler's response, the Court will proceed to address Defendant's Motion.

IT IS SO ORDERED.　　　　　　　Signed: June 5, 2008

Frank D. Whitney
United States District Judge