IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:08CV253-W-02
(3:04CR120-W)

| | | |
|---|---|---|
| **FREDERICK MAURICE BROWN,** <br> **Petitioner,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br> **Respondent.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> <u>ORDER</u> |

**THIS MATTER** comes before the Court upon Petitioner's letter,[1] filed May 22, 2008 (Doc. No. 1 ); and upon the Government's Answer to that pleading, filed September 22, 2008 (Doc. No. 4). After having carefully reviewed the foregoing documents, the record of Petitioner's criminal case, and the relevant legal precedent, the Court concludes -- out of an abundance of caution -- that Petitioner's motion should be <u>granted</u>, but only for the purpose of allowing him timely to pursue a direct appeal of his underlying criminal case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2004, Petitioner was indicted and charged with

---

[1] By an Order entered June 5, 2008, the Court advised Petitioner, pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003), that his letter set forth arguments which sounded in <u>habeas</u>; therefore, the Court intended to re-characterize the letter as a motion to vacate under 28 U.S.C. § 2255 unless he objected to that re-characterization. Petitioner was given thirty days in which to lodge his objection to the re-characterization, but he declined to do so. Consequently Petitioner's letter has been converted to a § 2255 motion.

having conspired to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (Count One); and with having possessed with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841 (Count Two). (Case No. 3:04CR120, Doc. No. 1).

On December 7, 2006, Petitioner entered into a written plea agreement with the Government, whereby he agreed to plead guilty to Count One in the indictment (Case No. 3:04-CR120, Doc. No. 40). Such agreement also contains a waiver provision by which Petitioner waived his rights to a direct appeal and collaterally to challenge his conviction and sentence on any grounds, except ineffective assistance of counsel and prosecutorial misconduct. (Id.). On December 21, 2006, Petitioner appeared before a magistrate judge and entered his guilty plea to Count One. (Case No. 3:04CR120, Doc. No. 41: Entry and Acceptance of Guilty Plea form).

On February 12, 2008, the Court conducted a Factual Basis and Sentencing Hearing. At the conclusion of that proceeding, Petitioner was sentenced to a term of 121 months' imprisonment. The Court's Judgment imposing sentence was filed February 20, 2008. (Case No. 3:04CR120, Doc. No. 43). Petitioner did not file a notice of appeal in this case.

Rather, on May 22, 2008, Petitioner filed the instant motion to vacate. Pertinent here, Petitioner's motion asserts that he

expected to receive a motion for a downward departure under U.S. Sentencing Guidelines § 5K1.1 on the basis of his substantial assistance to the Government, but trial counsel failed to bring that assistance to the attention of the prosecutor. Thus, when the Government failed to seek a downward departure for him, Petitioner allegedly told his attorney that he wanted to appeal his sentence and counsel told Petitioner that he "would handle it." Petitioner further alleges that notwithstanding counsel's assurance that he "would handle it," no appeal was filed for him.

For his part, counsel for the Government initially asserts that Petitioner's motion was not signed under penalty of perjury, nor is it accompanied by an affidavit or other sworn declaration; therefore, such motion fails to meet the requirement of a pleading upon which this Court can grant relief . See Fed. R.Civ.P. 2(b)(5). Nevertheless, counsel for the Government concedes -- in the event that either the Court deems the letter to be sufficient or Petitioner cures the insufficiency[2] -- that the critical question of whether defense counsel was ineffective for failing to honor Petitioner's request for an appeal can, for the sake of simplicity, be decided in Petitioner's favor.

---

[2]By Order of September 25, 2008, the Court gave Petitioner thirty days in which to cure the deficiency of his letter-motion by filing a sworn statement setting forth the facts upon which he is relying to support his claim that counsel failed to honor his request for an appeal. (Doc. No. 6). On October 17, 2008, Petitioner complied with the Court's Order and filed an Affidavit setting forth his allegations of ineffectiveness. (Doc. No. 7).

3

## II. **ANALYSIS**

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel -- irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with the petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." In fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. 492 F.3d at 273. Essentially, the Court observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be taken away from him. Id. See also Rodriquez v. United States,

4

395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

Additionally, the Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. In some cases, such as where a defendant receives a sentence which is different from what he expected, counsel's consultation about an appeal should occur after the sentencing hearing has been conducted. United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000).

In the instant case, Petitioner has alleged that he expressly requested an appeal on the date that he was sentenced; that counsel agreed to file the appeal for him; and that counsel failed to file that appeal. In response, Petitioner's former attorney has submitted an Affidavit in which he denies that Petitioner made a post-sentencing request for an appeal or that counsel ever promised that he would file a notice of appeal for Petitioner. However, counsel does admit that he does not recall whether or not Petitioner told him "that [Petitioner] needed to see [counsel] to file his appeal." Accordingly, given counsel's inability

5

to recall whether or not Petitioner attempted to have counsel visit him, presumably after Petitioner's sentencing hearing was concluded, so that the two could discuss potential appellate options, the Court finds, out of an abundance of caution, that it should grant Petitioner motion to vacate, but only for the sole purpose of allowing Petitioner to file a direct appeal. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judg-ment from which an appeal can be taken. Thus, the Court will vacate its Judgment, so that Petitioner may appeal his conviction and/or sentence.

### III. **<u>NOTICE OF APPELLATE RIGHTS</u>**

Mr. Brown, you hereby are advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connec-tion with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to pro-ceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one. Notwithstanding whatever he or she may tell you,

the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

Finally, since the Court has decided to grant Petitioner's motion to vacate for the purpose of restoring his appellate rights, it must defer ruling on Petitioner's remaining claim that counsel failed to provide the prosecutor with necessary information in order to secure a downward departure for him.  See United States v. Killian, 22 Fed. App'x. 300, 301 (4th Cir. 2001)(noting that where district court grants motion to vacate under Peak, the court must defer ruling on petitioner's remaining claims)(unpublished).  Therefore, that claim is dismissed without prejudice.

### IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That Petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing Petitioner timely to appeal his case;

2.  That Petitioner's original Judgment is **VACATED** due to counsel's failure fully to consult with Petitioner concerning his desire for an appeal;

3.  That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original Judgment;

4.  That Petitioner may appeal from his new Judgment as has

been explained in this Order; and

   5.   That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

   **SO ORDERED.**

Signed: October 25, 2008

Frank D. Whitney
United States District Judge